## Case No. 6,414.

### HERNANDEZ et al. v. NEW YORK MUT. INS. CO.

[6 Blatchf. 326.] [1]

Circuit Court, S. D. New York. March 19, 1869.

MARINE INSURANCE—INTERPRETATION OF POLICY.

1. The case of Hernandez v. Sun Mut. Ins. Co. [Case No. 6,415], affirmed.

2. It makes no difference, on the question as to whether a policy insures against the loss of 6,000 boxes of lemons as a whole, or against the loss of each separate box, whether the policy, after naming the valuation of the lemons per box, does or does not name the total valuation, at that rate, of the 6,000 boxes.

This was an action [by Francisco Hernandez and Juan Pedro Hernandez against the New York Mutual Insurance Company] on a policy of marine insurance. The facts in the case differed from those in the case of the same plaintiffs against the Sun Mutual Insurance Company. [Case No. 6,415] in particulars wholly unimportant. The insurance in this case was—"$3,800, on 4,000 boxes raisins, in wholes, ½s., and qrs., vald. 190c. ea., $7,600; $11,200, on 6,000 boxes lemons, @ $4.25 ea., $25,500. Gold. Raisins subject to ten per cent. average. Lemons free of particular average, but liable for any portion thrown overboard—" by the same vessel, from Málaga to New York. It was made September 27th, 1867. In all other particulars than those above mentioned, the two policies were substantially alike. There was no indorsement on the policy in this case. Of the 6,250 boxes of lemons which the vessel had on board, 6,000 were those insured by the policy in this case. Of such 6,000 boxes, 3,976 were saved, and delivered in a sound condition, except that a small portion thereof were par-

tially damaged, and there was a physical total loss and destruction of the remaining 2,024 boxes, in consequence of the breaking up and destruction of the vessel before they could be got out. The fact of the subsequent insurance made by the Sun Mutual Insurance Company on said 6,000 boxes of lemons, and on 4,000 boxes of raisins, as set forth in the report of the case against the latter company, was proved at the trial. The insured value of the 2,024 boxes of lemons which were lost, amounted to $8,602, in gold, and the proportion thereof payable by the defendants, if they were liable for such loss, was $3,778.13, in gold. At the trial, a verdict was taken, by consent, for the plaintiffs, for $5,318.89, being the amount of the said $3,778.13, in currency, and with interest thereon to the date of the trial, subject to the opinion of the court, on a case.

Edward H. Owen and Stephen P. Nash, for plaintiffs.

Richard S. Emmet, for defendants.

BLATCHFORD, District Judge. The written words in this case, "liable for any portion thrown overboard," have no legal meaning or effect different from the words, "liable for loss of part by jettison;" and the mode of describing the valuation of the lemons and raisins in the policy in this case, is not different, in substance, from that found in the policy in the other case. All the considerations commented on in the opinion in that case have equal application in this case, except the one as to the provision for a return of premium in case of a prior insurance, the insurance in this case being the prior one. The valuation in the policy in this case, after naming the valuation per box, carries out the total valuation, which was not done in the other case, but such total valuation, and such valuation per box, are equally parts of the valuation, and the putting in of the total valuation can make no difference as to the effect of the valuation per box on the question of a separate insurance of each box.

The defendants, at the trial, offered in evidence the written applications made by the plaintiffs to the defendants for the insurance made in this case, but they were excluded by the court. As the judgment will be for the defendants, the point is unimportant. Judgment for defendants.